## J. S. DAVIS vs. W. S. GRAY.

SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Negotiable Paper—Case Stated.*—The note sued on is negotiable in form, bears no evidence on its face that it was ever expected to be signed by parties other than appellant and T. & Co., and, if the averments of the answer are to be taken as true, was delived by T. & Co. to appellee in ordinary course of business. This being true, no agreement between appellant and T. & Co. that it was not to be used ununless signed by other parties as sureties, can defeat appellee's right to recover in the absence of notice of such agreement.

*Signature and Delivery—Effect of.*—The signature and delivery of the note by appellant to T. entitled the latter to deliver the same to appellee who, in the absence of notice to the contrary, was authorized to rely upon the intention of the parties signing, to make the contract the note evidenced-

*Notice—Evidence.*—See the opinion for facts held insufficient to operate as notice upon appellee of any agreement between the parties signing the note with respect to liability thereon.

Appeal from Hays county.

*R. G. West, Wood & Ford and Sheeks & Sneed,* for appellant.

*Hutchinson & Franklin,* for the appellee.

The note made the foundation of this action, is negotiable in form; bears no evidence on its face that it ever was expected to be

signed by any other persons than P. R. Turner & Co. and J. S. Davis, the appellant; and, if the averments of the answer are to be taken as true, was delivered by Turner & Co. to Gray in the ordinary course of business for a valuable consideration.

This being true, it must be held, that any agreement between Turner & Co. and Davis, to the effect that the note should not be used unless Ellison and Kyle also signed it as sureties, cannot defeat the right of plaintiffs recover on the note, unless it be shown that he had notice of the agreement between Turner & Co. and Davis.

The signing and delivery of the note by Davis to Turner, entitled the latter to deliver it to Gray, who in the absence of notice to the contrary might rely upon the intention of all the parties, whose signatures were on it, to make with him the contract which the note evidenced.

Brandt on Suretyship, 354–355;

*State* vs. *Potter*, 63 Mo., 312;

*Russell* vs. *Freer*, 56 N. Y. 67;

*Nash* vs. *Fugale*, 32 Grattan, 595;

*Wood* vs. *Hockett*, 34 Minn., 150;

*Jordan* vs. *Jordan*, 10 La., (Term) 124.

The only inquiry then, in this case is: Does the answer aver such facts, as would amount to notice to Gray, of the intention of Davis not to be bound by the note, unless Ellison and Kyle also signed it as sureties—such facts as would put a prudent man upon inquiry?

We are of the opinion that the answer did not state such facts.

It alleges that Hutchinson prepared the note and was to pass upon the sufficiency of the surety of Gray; that Hutchinson proposed to take a note signed by Turner & Co. with Davis, Ellison and Kyle as sureties; that Turner took the note and signed it for his firm and also procured the signature of Davis thereto; that Ellison and Klyle declined to sign the note as sureties, after which Turner returned with the note to Hutchinson and informed him that the matter could not be consummated, because Ellison and Kyle had refused to sign the note, whereupon Hutchinson proposed to receive the note, as it then stood, to which Turner agreed, and delivered the note, so far as appears from the answer, without notifying Hutchinson of the fact, that Davis had consented to be bound only in the event that Ellison and Kyle signed the note as sureties.

Facts thus stated, were not sufficient as averments of notice to

of agreement between Turner and Davis, and in the absence of something in the answer equivalent to an averment of that fact, it presented no defense to the action ; and the court below properly so ruled.

Gray, for it cannot be presumed that Hutchinson had any knowledge

There is no error in the judgment and it is affirmed. STRAYTON, Associate Justice.